

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Ian D. Brater*
*Assistant United States Attorney*

IDB/PL.AGR
2024R00102

402 East State Street, Room 430
Trenton, New Jersey 08608

609-989-2312

May 8, 2025

Mark J. Molz, Esq.
1400 Route 38 East
P.O. Box 577
Hainesport, New Jersey 08036

RECEIVED

JAN 1 5 2026

AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ M

Re:   Plea Agreement with William Merkl
(26-CR-39)

Dear Mr. Molz:

This letter sets forth the plea agreement between your client, William Merkl ("MERKL"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 9, 2025, if it is not accepted in writing by that date. If MERKL does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from MERKL to a two-count Information, which charges MERKL, in Count One, with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; and, in Count Two, with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a) and 2. If MERKL enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against MERKL for his participation in the conspiracy to commit bank fraud and his attempt to commit bank fraud on or about April 14, 2023, as charged in the criminal complaint docketed under Mag. No. 25-14020 (RLS).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MERKL even if the applicable statute of limitations period for those charges expires after MERKL signs this agreement, and MERKL agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which MERKL agrees to plead guilty in Count One of the Information carries a statutory maximum sentence of 30 years' imprisonment, and a statutory maximum fine of $1,000,000.

The violation of 18 U.S.C. §§ 1028A(a) and 2 to which MERKL agrees to plead guilty in Count Two of the Information carries a statutory mandatory sentence of 2 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence imposed on Count Two must run consecutively to any prison sentence imposed on Count One, and the prison sentences on Counts One and Two may run consecutively or to any other prison sentence MERKL is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MERKL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MERKL ultimately will receive.

Further, in addition to imposing any other penalty on MERKL, the sentencing judge as part of the sentence:

(1)     will order MERKL to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order MERKL to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)     pursuant to 18 U.S.C. § 3583, may require MERKL to serve a term of supervised release of not more than five years on Count One and not more than one year on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should MERKL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

MERKL may be sentenced to not more than three years' imprisonment on Count One and not more than one year of imprisonment on Count Two, which may run consecutive to each other, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on MERKL by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MERKL's activities and relevant conduct with respect to this case.

Stipulations

This Office and MERKL will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and MERKL waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

MERKL understands that, if he is not a citizen of the United States, MERKL's guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making MERKL deportable, excludable, or inadmissible, or ending MERKL's naturalization. MERKL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MERKL wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause MERKL's removal from the United States. MERKL understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, MERKL waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. MERKL also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MERKL. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MERKL from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between MERKL and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    *Ian D. Brater*
      Ian D. Brater
      Assistant U.S. Attorney

APPROVED:

*Martha K. Nye*
Martha K. Nye
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Branch Office

I have received this letter from my attorney, Mark J. Molz, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_William Merkl_                                    Date: 5/16/25
William Merkl


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Mark J. Molz, Esq._                               Date: 5/16/25
Mark J. Molz, Esq.
Counsel for Defendant


- 6 -

<u>Plea Agreement With William Merkl</u>

<u>Schedule A</u>

1.    This Office and William Merkl ("MERKL") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2023 applies in this case.

<u>Count One – Conspiracy to Commit Bank Fraud</u>

3.    The applicable guideline for Count One is U.S.S.G. § 2X1.1.

4.    The parties agree that the Base Offense Level is 7. *See* U.S.S.G. §§ 2X1.1(a) and 2B1.1(a)(1).

<u>Count Two – Aggravated Identity Theft</u>

5.    With respect to Count Two of the Information, the applicable guideline is U.S.S.G. § 2B1.6. This guideline sets the guideline sentence as the term of imprisonment required by statute, which in this case is 24 months.

6.    In addition, pursuant to U.S.S.G. § 3D1.1(b)(2), Count Two does not group with Count One.

<u>Acceptance of Responsibility</u>

7.    As of the date of this letter, MERKL has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MERKL's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.    Accordingly, the parties agree that the total offense applicable to MERKL for Count One of the Information is 5 (the "Total Offense Level"). In addition, the parties agree that MERKL is subject to a mandatory minimum term of imprisonment of 24 months on Count Two of the Information, which must be served consecutively to any other sentence.

9.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But

each party may seek a variance from that Guidelines range, which the other party may oppose.

10.     If the term of imprisonment does not exceed 36 months, and except as specified in the next paragraph below, MERKL will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).